**George A. HUDSPETH and wife, Vona Lee Hudspeth, Plaintiffs-Appellants,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 75–2492

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 19, 1975.

George A. Hudspeth, pro se.

Frank D. McCown, U. S. Atty., Ft. Worth, Tex., Scott P. Crampton, Asst. Atty. Gen., U. S. Dept. of Justice, Tax Div., Gilbert E. Andrews, Act. Chief, App. Sec., U. S. Dept. of Justice, William W. Guild, Jonathan S. Cohen, Daniel F. Ross, Tax Div., Dept. of Justice, Washington, D. C., for defendant-appellee.

Before WISDOM, BELL and CLARK, Circuit Judges.

PER CURIAM:

Taxpayers deducted a decrease in their cotton allotment as a business loss in 1971. The deduction was disallowed, and taxpayers sued in district court for a refund. Summary judgment was granted in favor of the United States on the basis that there was no closed transaction giving rise to a deductible business loss. We affirm.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 431 F.2d 409, Part I (5th Cir. 1970).

In the years 1968 through 1970, the taxpayers bought cotton acreage allotments (under the Agricultural Adjustment Act of 1938, 7 U.S.C. § 1281 *et seq.*) totaling 145.3 acres. In 1971 the national cotton allotment was reduced. The allocation of this reduction resulted in a 32.53 percent decrease in the amount of acreage taxpayers could plant from their 1970 allotment authorization. It is this decrease which is claimed by taxpayers to be a loss sustained in their business.

■ Taxpayers contend on appeal that there exists a genuine issue of material fact and, therefore, summary judgment was improper.[1] They also complain that the court misapprehended the nature of the allotment rights they purchased and that the decrease in their allotment was a confiscation of their property rights.

■ A "cotton allotment" includes both the allotment, or right to plant cotton on a designated number of acres of farmland in a crop year pursuant to the Agricultural Adjustment Act of 1938, 7 C.F.R. § 719.2(a), and the production histories of the farm from which the allotment is taken and the lands to which it will be applied. Under provisions of the Agricultural Adjustment Act in effect at the time in question, cotton allotments entitled a farmer to price support payments for cotton grown on allotted acreage; acreage diversion payments for allotted acreage diverted from cotton production to approved conservation practices; and price support loans. It also provides procedures for apportioning the national cotton acreage allotment among the various farms to which individual allotments pertain. There can be no such thing as a right to an ongoing allotment for any particular year. While the fact that allotments are based on production history creates a reasonable expectancy that some future cotton allotment will be assigned to the farm generating the history, the statutory scheme does not contemplate a constant acreage allotment for any farm tract, but one which will vary from year to year because each tract allotment is directly proportional to the size of the national acreage allotment. 7 U.S.C. § 1344. Thus, from a pure property law standpoint, an allotment carries no vested rights to acreage allotments in future years. *See Allen v. David,* 334 F.2d 592, 599 (5th Cir. 1964).

The trial court correctly viewed the taxpayers' cotton allotment rights as interests which were capable of being expanded and contracted each year as the Secretary of Agriculture adjusted the national cotton allotment. Under this concept, the taxpayers lost no part of their property in 1971. They continued to own during all of 1971 the production history which would entitle their lands to cotton acreage allotments in future years based upon the national acreage allotment.

Internal Revenue regulations implementing § 165(a) of the Internal Revenue Code of 1954, 26 U.S.C. § 165(a), which allows a deduction for any business loss sustained during the taxable year, require the taxpayer to show a loss evidenced by a closed and completed transaction fixed by identifiable events. 26 C.F.R. § 1.165–1(b). Since specific cotton acreage allotment rights, by their inherent nature, can expand or contract from year to year if external conditions change, these variations do not close or complete a transaction. The facts are not in dispute. The issue is governed by the Agricultural Adjustment Act of 1938 and the Internal Revenue Code and its implementing regulations. The court below was correct in granting summary judgment for the United States. We Affirm.

---

1. Taxpayers assert that a conspiracy exists between the Department of Agriculture, the Internal Revenue Service, and the Department of Justice to prohibit the farmer from being heard before a grand jury or any jury to explain matters concerning cotton allotments. This issue was not raised in the district court. It will not be considered on appeal. *See United States v. Allegheny-Ludlum Industries, Inc.,* 517 F.2d 826, 840 (5th Cir. 1975).